ON PETITION FOR WRIT OF CERTIORARI
DAUKSCH, Judge.
This matter is before this court to review a discovery order requiring petitioner to produce:
1. Any and all records in reference to incidences of criminal activity or suspected criminal activity on the premises of the Paddock Mall Shopping Center, including but not limited to, the covered shopping area and the parking area from the date of the completion of construction of the Paddock Mall to date.
2. Any and all records in reference to incidences of criminal activity in Marion County, Florida from the date of the completion of construction to date.
3. Any and all records maintained at your office or reasonably accessible to you with reference to criminal activities on the premises of other shopping malls or other shopping facilities owned, operated, constructed, or for which security is provided by the Edward J. DeBartolo Corporation, including criminal activities in the communities where such shopping facilities are located which have been prepared from 1980 to date. Please include any monthly summaries of such criminal activities.
4. The names and addresses of all chiefs of security for the mall facilities owned,, operated, constructed, or for which security is provided by the Edward J. DeBartolo Corporation in the State of Florida for the past five years.
5. Any and all information maintained by or in the custody or control of the Edward J. DeBartolo Corporation in reference to the preparation of security manuals and/or security procedures for shopping malls owned, operated, or for which security is provided by the Edward J. DeBartolo Corporation. Please include any security manuals and any security training manuals which are in the care, custody and control of the witness and readily accessible to the witness from 1980 to date.
6. Any and all written information, including hand written notes, which contain references to security procedures regarding protection of patrons and/or employees utilizing public restrooms located in shopping facilities owned, operated, constructed, or for which security is maintained by the Edward J. DeBartolo Corporation from 1980 to date. Please include any such documents which are under the care, custody and control or utilized by this witness in his capacity as agent/employee of the Edward J. DeBar-tolo Corporation.
Without going into every detail of the matters the court would have petitioner produce, we must say it is too broad and respondent has not shown a need for all requested records. For example, it is very possible petitioner has built many shopping centers which it does not now own, and this order would require petitioner to somehow find and produce records regarding those malls. Also, there must be some reasonable connection between the criminal activities in a particular mall and the tort complained of here. For example if an employee embezzled money from petitioner in a *938 mall in South Dakota would that have any relevance to the alleged attack in a restroom complained of here? Considering the point made, we shall say no further but to quash the order and remand the matter for more thorough consideration and limitation.
ORDER QUASHED.
UPCHURCH, C.J., and SHARP, J., concur.